UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST R. SWOOGER, | ) | CASE NO.: 5:16CV178 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Ernest Swooger to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Swooger's appeal of the Social Security Administration's decision to deny his claim for supplemental security income.

For the reasons stated below, the objection is SUSTAINED. The R&R is rejected. This matter is hereby REMANDED to the Commissioner for further consideration of the weight to be given to the treating physician.

I.   **Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision

is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Swooger's Objections

In his first objection, Swooger contends that the ALJ erred when he discounted the weight of the opinion of his treating physician. Swooger contends that the R&R erred when it found that the ALJ had given good reasons for discounting the opinion. This Court agrees.

The Sixth Circuit has thoroughly detailed the law surrounding the weight to be given to the opinion of a treating physician.

> The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, id. § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An ALJ, however, is not

required to provide an "exhaustive factor-by-factor analysis" in order to decline to give the treating source opinion controlling weight. *Francis v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 802, 804 (6th Cir. 2011). So long as the decision "permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion," we look past such procedural errors. *Id.* at 805 (citation omitted).

> Herein, the ALJ stated as follows with respect to the opinion of the treating physician:
>
> As for the opinion evidence, the claimant's treating doctor, JR Ziegler, Jr. MD filled out a "Multiple Impairment Questionnaire" dated February 18, 2013. He opined the claimant could sit one hour and stand/walk two hours in an eight-hour workday, and needs to get up and move around every hour. Dr. Ziegler indicated to "see functional capacity evaluation" with regard to the claimant's lifting and carrying (9F). This statement is given some weight. The noted "functional capacity evaluation" is not included in the medical evidence of record. However, many limitations noted in the questionnaire were noted as "per the patient," rather than the doctor's own opinion. Further, the evidence does not support such extreme limitations, nor does it support that he would miss work two to three times a month. Dr. Ziegler's own examination findings are mild. The claimant has a normal gait and full strength.

Doc. 9 at 23.

Contrary to the R&R and the position taken by the Commissioner, the ALJ's opinion does not provide the claimant and this Court a clear understanding of the reasons that Dr. Ziegler's opinion was discounted.

This Court will assume for the purposes of this opinion that the ALJ properly discounted Dr. Ziegler's opinions where they appear to rely exclusively on subjective reports from Swooger. The record, however, indicates that only a small subset of the limitations expressed by Dr. Ziegler were "per patient." Specifically, Dr. Ziegler indicated "moderate" limitations on Swooger's "[g]rasping turning, twisting objects," "[u]sing fingers/hands for fine manipulations," and "[u]sing arms for reaching (including overhead}." Doc. 9 at 527-28. The ALJ's next statement following mention of these "per patient" limitations asserts that "the evidence does not support such extreme

limitations."   As noted, however, Dr. Ziegler only found "moderate" limitations in these limited areas, so it is unclear what "extreme" limitations are referenced by the ALJ.

Moreover, the ALJ's statement that "the evidence does not support such extreme limitations, nor does it support that he would miss work two to three times a month" contains no explanation.  The ALJ does not reference any of the clinical testing or any other objective medical evidence that undermines the opinion given by Dr. Ziegler.  In fact, it is wholly unclear which portions of Dr. Ziegler's opinion are even being referenced by the ALJ.  Further, while the ALJ need not give a factor by factor review, the decision herein does not reference *any* of the factors contained in 20 C.F.R. § 404.1527(c)(2)-(6).  As such, this Court cannot say that the reasons given are "sufficiently specific" to allow for meaningful review.

In reaching its decision herein, the Court is mindful of the daunting tasks that must be performed by administrative law judges in the Social Security Administration.  As such, the Court reiterates that an ALJ need not use any "magic words" or risk reversal.  However, in the instant matter, the ALJ's decision contains insufficient specificity to allow for a meaningful review to determine whether the record supports discounting the treating physician's opinion.  As such, remand is necessary.[1]

As this Court has determined that there was error in the application of the treating physician rule and that there is no indication that the error was harmless, the Court need not review Swooger's contentions regarding error in the ALJ's creation of his RFC.

### III. Conclusion

Swooger's objection to the R&R's resolution of his claimed error regarding the opinion of his treating physician is SUSTAINED.  The Magistrate Judge's Report and Recommendation is

---

1 The R&R engages in a lengthy discussion of *why* the record supports discounting Dr. Ziegler's opinion.  Such a review, however, was never conducted by the ALJ.

REJECTED. The judgment of the Commissioner is REVERSED and this matter is REMANDED for further consideration.

    IT IS SO ORDERED.


Dated: <u>March 21, 2017</u>                 <u> /s/ John R. Adams </u>
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE